United States District Court
Southern District of Texas
**ENTERED**
May 20, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL GARZA, *deceased*, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-4008 |
| | § | |
| JAMES SPATES AND KAPLAN | § | |
| TRUCKING COMPANY, | § | |
| | § | |
| *Defendants*. | | |

## ORDER

Pending before the Court is Defendants James Spates ("Spates") and Kaplan Trucking Company's ("Kaplan") (collectively, "Defendants") Motion for Summary Judgment. (Doc. No. 15). Plaintiff Michael Garza[1] ("Garza" or "Plaintiff") responded in opposition. (Doc. No. 17). Defendants replied. (Doc. No. 18). Upon considering the motions, applicable law, and summary judgment evidence, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion for Summary Judgment. (Doc. No. 15).

**I.    Background**

This case arises out of a motor vehicle accident that occurred on September 21, 2022. Plaintiff and Spates were traveling north on Federal Road with Plaintiff driving his own car and Spates driving a semi-truck owned by Kaplan. The parties agree that they were driving in stop-and-go traffic and that the two vehicles collided. That, however, is where the parties' agreement ends.

---

[1] The Court notes that due to Plaintiff's death, his mother Corina Torres Garza, as executor of his estate, has been substituted in place of Plaintiff Michael Garza. The pending motion for summary judgment and replies thereto were filed before notice of Plaintiff's death. Thus, for the sake of this Order, the Court will refer to Michael Garza as Plaintiff, notwithstanding the fact that he is no longer a party in this matter.

Defendant contends that "Garza changed lanes into the blind spot of Defendant, James Spates's vehicle." (Doc. No. 15 at 1). By contrast, Plaintiff contends that he did not change lanes and that he remained in the middle lane until he was rear-ended by Spates. Plaintiff testified that after Spates rear-ended him,

> I [Plaintiff] came out of the car halfway. He [Spates] started to shove me. I got back in my car, started to blare my horn. He didn't give no response. I put the car into "reverse" to try and put a little bit of resistance on him so he -- I realized that he didn't see me, so he didn't respond to that. When he felt the resistance, he lowered the gear, and he shoved me until we came to rest here [indicating to a spot about 120 yards from the initial contact].

(Doc. No. 17-2, at 7). Thus, Plaintiff alleges that Spates erred both in rear-ending Plaintiff's vehicle and in pushing Plaintiff's vehicle approximately 120 yards.

It appears from Plaintiff's testimony that the vehicles made impact twice—once when Spates allegedly rear-ended Plaintiff (regardless of fault), and once after Plaintiff reversed into Spates, causing Spates to push Plaintiff forward. Photographs of Plaintiff's vehicle after the accident further support this dual-impact narrative, as the photographs show damage to the rear bumper of Plaintiff's vehicle (first impact) and damage to the passenger's side (second impact). Finally, the police report after the incident also indicates that the vehicles made impact twice. It depicts the following.



(Doc. No. 17-4, at 4).

After the accident, Plaintiff filed this lawsuit in state court, and Defendants promptly removed. (Doc. No. 1). Plaintiff alleges a claim for negligence/negligence per se against Defendant Spates, a claim for *respondeat superior* against Kaplan, and a claim for negligent entrustment against Kaplan. Defendants filed the present motion for summary judgment arguing that Plaintiff cannot present any evidence in support of any of his claims.

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant

3

then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara*, 353 F.3d at 405. It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

Furthermore, a district court "should not discount the non-moving party's story unless video evidence provides so much clarity that a reasonable jury could not believe his account." *Darden v. City of Fort Worth, Tex.*, 880 F.3d 722, 730 (5th Cir. 2018); *see also Ramirez v. Martinez*, 716 F.3d 369, 374 (5th Cir. 2013) (citing *Scott v. Harris*, 550 U.S. 372 (2007)).

**III. Analysis**

Here, Defendants essentially filed a no-evidence summary judgment motion on each of Plaintiff's claims, including (1) negligence/negligence per se, (2) negligent entrustment, and (3) certain damages. Defendants also made objections to certain portions of Plaintiff's summary judgment evidence. The Court addresses these evidentiary objections first as they may impact the analysis that follows.

*A. Evidence Objections*

In Defendants' reply, they object to two pieces of evidence attached to Plaintiff's response. First, Defendants object to Plaintiff's deposition excerpt in which he testified that he stayed in the middle lane and that he did not change lanes into Defendants' lane. (Doc. No. 17, Ex. 1). Defendant argues that this testimony is contradicted by photographic evidence and the police report, and therefore the Court should exclude it from evidence. The Court, however, does not find Plaintiff's testimony to be clearly contradicted by photographic evidence. This is because the photographs show the damage to the vehicles *after* the accident and do not show the circumstances leading up to the accident. Therefore, the Court denies this objection and will consider Plaintiff's deposition in its ruling.

Defendants' second objection involves Plaintiff's medical records. (Doc. No. 17, Ex. 6). These medical records are from after the accident, and Defendant argues that the medical provider's comments are improper *ipse dixit* causation opinion that lacks adequate support from before the accident. The Court will address this objection if the objected-to portions of Plaintiff's medical records become relevant in its analysis.

*B. Negligence/ Negligence per se*

First and foremost, Defendants move for summary judgment on Plaintiff's negligence/negligence per se cause of action.

To survive summary judgment on this cause of action, Plaintiff must demonstrate a genuine issue of material fact supporting each element of his claims. For negligence, Plaintiff must raise a fact issue that (1) Spates owed Garza a legal duty, (2) Spates breach such a duty, and (3) Spates' breach caused injury to Garza. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). For his negligence per se allegations, Plaintiff must raise a fact issue that (1) Garza belongs

5

to the class of persons a statute was designed to protect and his injury is the type the statute was designed to prevent, (2) the statute is one for which tort liability may be imposed when violated, (3) Spates violated the statute without excuse, and (4) Spates' act or omission proximately cause injury to Garza. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 549 (Tex. 1985).

Defendants argue that Plaintiff has no evidence that Spates owed him a duty, that Spates breached any duties, that any breach by Spates caused him injury, or that there is any statute applicable to his claims. *See* (Doc. No. 15 at 3-4).

In response, Plaintiff argues that he has presented evidence raising a genuine issue of material fact to these claims. He argues that Spates owed a duty to Plaintiff, and the general public, to operate the 18- wheeler as a reasonable and prudent operator and not to endanger Plaintiff/ subject him to an unreasonable risk of harm. He argues that rear-ending Plaintiff and subsequently dragging Plaintiff 120 yards is a breach of that duty. Additionally, Plaintiff contends that his injuries are documented in his medical records, namely lingering neck and back pain. (Doc. No. 17, Ex. 6).

Finally, as to his negligence per se theory, Plaintiff cites to the Texas Transportation Code, Section 545.351(a)-(b). Subsection (a) states that "an operator may not drive at a speed greater that is reasonable and prudent under the circumstances then existing." Subsection(b), states that "an operator (1) may not drive a vehicle at a speed greater that is reasonable and prudent under the condition and having regard for actual and potential hazards then existing; and (2) shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care." Additionally, Texas Transportation Code, Section 545.062, states that "an operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that,

considering the speed of the vehicles, traffic, and the condition of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway." Plaintiff maintains that there is a fact issue as to whether Spates violated these statutes and that these violations would constitute negligence per se.

Upon examining the relevant law and summary judgment evidence, the Court finds that Plaintiff has raised a genuine issue of material fact in support of these claims. While the police report indicates that Plaintiff changed lanes into Spates' lane, the report also states that "NO CITATIONS ISSUED UNABLE TO PROVE FAULT DUE TO CONFLICTING STATEMENTS AND DAMAGE" (Doc. No. 17, Ex. 3 at 4). More significantly, Plaintiff testified in his deposition that he remained in the middle lane and he did not change lanes. At minimum, this raises a fact issue as to whether Plaintiff improperly swerved into Spates' blind spot (as Defendants contend) or whether Plaintiff was squarely in front of Spates' truck (as Plaintiff contends). Thus, there is a fact issue as to whether Spates breached his duty of reasonable care by rear-ending Plaintiff.

There is similarly a fact issue as to causation and injury. Plaintiff's medical records indicate that he was allegedly experiencing neck and back pain nine days after the accident. (Doc. No. 17, Ex. 6). Given these records, and the fact that Plaintiff nonsuited many of the damages categories that would require a medical expert, the Court finds that Plaintiff has provided enough evidence to raise a genuine issue of material fact from which a jury could find in his favor. Accordingly, the Court denies Defendants' summary judgment as to Plaintiff's negligence/negligence per se causes of action.

### C. *Negligent Entrustment*

Defendants also move for summary judgment on Plaintiff's negligent entrustment claim against Kaplan. To survive summary judgment on his negligent entrustment claim, Plaintiff must

7

raise a fact issue that (1) the owner of a vehicle entrusted it to another person, (2) that person was an unlicensed, incompetent, or reckless driver, (3) the owner knew or should have known that the driver was unlicensed, incompetent, or reckless, (4) the driver was negligent on the occasion in question, and (5) the owner's entrustment and the driver's negligence proximately caused injury to the plaintiff. *4Front Engineered Solutions, Inc. v. Rosales*, 505 S.W.3d 905, 909 (Tex. 2016).

Plaintiff failed to address the negligent entrustment claim in his response. *See* (Doc. No. 17). By failing to respond to this argument, Plaintiff has essentially waived this claim. *See Kitchen v. BASF*, 952 F.3d 247, 253 (5th Cir. 2020) ("Because Kitchen did not present this argument to the district court, and he makes no attempt to demonstrate extraordinary circumstances for why we should consider it, this argument is waived"). Moreover, there is no evidence in the record of any specific direction that Kaplan, as owner, could have given to Spates in order to prevent the occurrence, or that there was any reason for Kaplan to suspect Spates was an unlicensed, incompetent, or reckless driver. Thus, dismissal of this direct negligence theory against Kaplan is appropriate. *See JBS Carriers, Inc. v. Washington*, 564 S.W.3d 830, 842-43 (Tex. 2018). Finding no genuine issue of material fact in support of this claim, Defendants' motion for summary judgment as to negligent entrustment is granted.

*D. Damages*

Finally, Defendant moved for summary judgment on certain damages. Specifically, Defendants argue that Plaintiff had no supporting evidence for the following damages categories: future medical expenses, future pain, suffering, and mental anguish, past and future disfigurement, and past and future lost wage earning capacity. (Doc. No. 15 at 6). In response, Plaintiff stated that: "Plaintiff is nonsuiting his claims for damages of future medical expenses, future pain, suffering, and mental anguish, past and future disfigurement, and past and future loss of wage-

earning capacity." (Doc. No. 17 at 2). Thus, Defendants' motion for summary judgment on these damages categories is GRANTED. Plaintiffs' remaining claims for damages are (1) past medical expenses, (2) past pain, suffering and mental anguish and (3) past and future physical impairment.[2]

### IV. Conclusion

For the reasons above, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion for Summary Judgment. (Doc. No. 15). The Court grants summary judgment as to Plaintiff's claim for negligent entrustment. The Court also grants summary judgment as to Plaintiff's claims for the following claims: future medical expenses, future pain, suffering, and mental anguish, past and future disfigurement, and past and future lost wage earning capacity. By contrast, the Court denies summary judgment as to Plaintiff's claim for negligence/negligence per se. Thus, negligence/negligence per se is sole cause of action remaining against Spates directly and against Kaplan under a theory of *respondeat superior*. The remaining claims for damages are (1) past medical expenses, (2) past pain, suffering and mental anguish and (3) past and future physical impairment. Defendant did not move for summary judgment on these categories of damages.

Upon consideration, the Court is of the opinion that mediation could be a viable solution to bring this matter to its conclusion. The Court has determined that this case is appropriate for referral to Magistrate Judge Richard Bennett for a settlement conference. Each party who is a natural person must be present during the settlement conference. Each party that is not a natural person must be represented by a principal, partner, officer, or official with authority to negotiate a settlement. If one or more insurance companies must be involved in a settlement of the case, a

---

[2] Defendant did not move for summary judgment on these damages claims.

representative from each insurance company with authority to negotiate a settlement must be present during the settlement conference.

It is so **ORDERED**.

Signed this 20th day of May 2024.

Andrew S. Hanen
United States District Judge